UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANKIE MANUEL MIRANDA and DION VINCENT HOOKS,<br><br>Defendants. | No. CR16-186RSL<br><br>AMENDED ORDER CONTINUING TRIAL DATE AND TIME FOR PRETRIAL MOTIONS |

On November 7, 2016, the Court issued an order continuing the trial date and pretrial deadlines in this case. Dkt. # 39. To clarify that this continuance applies to both defendants, the Court hereby issues this amended order.

THIS MATTER having come before the Court on the unopposed motion filed by defendant Frankie Miranda (Dkt. # 35) for an order continuing the trial date and motions deadlines in the above-captioned matter, and the Court having considered the motion and the speedy trial waivers filed by defendant Miranda and his co-defendant, Dion Vincent Hooks (Dkt. ## 36, 38), the Court now finds and rules as follows:

On June 22, 2016, an indictment was returned against defendants Miranda and Hooks. Defendant Miranda was charged with two counts of felon in possession of a firearm, one count

AMENDED ORDER CONTINUING
TRIAL DATE AND TIME FOR
PRETRIAL MOTIONS - 1

of distribution of marijuana, and one count of possession of a firearm in furtherance of a drug trafficking crime. Defendant Hooks was charged with one count of felon in possession of a firearm, one count of possession of controlled substances with intent to distribute, and one count of possession of a firearm in furtherance of a drug trafficking crime. Dkt. # 4.

Under the Speedy Trial Act, the trial of a defendant shall commence within 70 days from the date that an indictment is made public, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). Certain periods of delay are excludable from the Speedy Trial calculation. *See* 18 U.S.C. § 3161(h). In particular, any period of delay resulting from a continuance is excludable if the Court makes a finding that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The factors, among others, which a judge shall consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are set forth in § 3161(h)(7)(B)(i)-(iv).

The parties are acting diligently. On October 25, 2016, the United States provided the first discovery packet. The discovery includes over 2500 pages of financial records and 25 audio and video recordings. Additional discovery is forthcoming.

Defense counsel advises that he has only reviewed a small portion of the voluminous discovery packet and will also require time to share those materials with his client. Defense counsel advises that he will need a meaningful period of time to review the new discovery and discuss it with his client before preparing pretrial motions.

In light of the voluminous discovery and factual complexity of the case, the Court finds that failure to grant the requested continuance would deny the defendants reasonable time necessary for adequate preparation, taking into account the exercise of due diligence. 18 U.S.C.

AMENDED ORDER CONTINUING
TRIAL DATE AND TIME FOR
PRETRIAL MOTIONS - 2

1  § 3161(h)(7)(B)(ii).  Therefore, the Court finds that the ends of justice served by the granting of the

2  requested continuance outweigh the best interest of the public and the defendant in a speedy trial.

3  18 U.S.C. § 3161(h)(7)(A).

        DATED this 15th day of November, 2016.

                                    /s/ Robert S. Lasnik
                                    Robert S. Lasnik
                                    United States District Judge

AMENDED ORDER CONTINUING
TRIAL DATE AND TIME FOR
PRETRIAL MOTIONS - 3